J-S36014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN HAMMONDS | |
| Appellant | No. 1382 WDA 2014 |

Appeal from the Judgment of Sentence May 5, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CC 200616040

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 17, 2015**

Appellant, Kevin Hammonds, appeals from the judgment of sentence entered on May 5, 2014, following revocation of his probation. On appeal, Hammonds argues that the sentence imposed was manifestly excessive and unreasonable. We affirm.

On July 8, 2008, Hammonds pled guilty to one count of possession with intent to deliver cocaine, one count of delivering cocaine, and one count of possession of cocaine. Sentencing was deferred to allow for preparation of a presentence report. At the sentencing hearing, Hammonds assured the court that he had not used drugs since January 2008. At count 1, the trial court imposed a sentence of 22 months of house arrest with a condition that

_____

[*] Retired Senior Judge assigned to the Superior Court.

Hammonds maintain employment and be supervised by the Intensive Drug Unit. The court also imposed a concurrent period of three years of probation. At count 2, the trial court imposed a sentence of 22 months of house arrest and a concurrent period of three years of probation, all of which was to run concurrent to the sentence imposed at count 1. No further penalty was imposed at count 3. Hammonds was immediately required to submit to a screen for drug or alcohol use. He tested positive for cocaine and opiates. The trial court then amended Hammonds's sentence as a result of his dishonesty. He was sentenced to 18 to 36 months' incarceration, with three years of probation consecutive to the incarceration.

While serving his sentence of probation, his probation officer filed a notice of violation for "submitting a false urinalysis" and "use of drugs (opiates)." Following a violation hearing, Hammonds's probation was revoked. He was sentenced to a period of 3½ to 8 years of incarceration, followed by three years of state probation.

After he was sentenced, Hammonds filed a *pro se* motion for reconsideration of sentence, which the trial court denied. Hammonds then filed an appeal, which he subsequently discontinued upon filing a petition pursuant to the Post Conviction Relief Act ("PCRA").

In his PCRA petition, Hammonds alleged that his prior counsel had abandoned him and sought restoration of his rights to post-sentence motions and to a subsequent direct appeal. The PCRA court granted

Hammonds relief, and Hammonds filed a counseled post-sentence motion. The trial court denied the motion, and this timely appeal followed.

On appeal, Hammonds argues that the trial court abused its discretion in sentencing him to a manifestly excessive and unreasonable term of imprisonment following his probation violation. Our standard when reviewing a sentence imposed following the revocation of probation is as follows.

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted). **See also** 42 Pa.C.S.A. § 9771(b).

Hammonds challenges the discretionary aspects of his sentence. In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court noted that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Id**., at 1034. Therefore, Hammonds' claim is properly before us.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 12, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Hammonds challenged his sentence in a post-sentence motion and filed a timely appeal. Hammonds's appellate brief also contains the requisite Rule 2119(f) concise statement. *See* Appellant's Brief, at 6-8. We must now determine whether Hammonds's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted).

Here, Hammonds claims in his Rule 2119(f) statement that his sentence is "so disproportionate as to implicate the fundamental norms which underline the sentencing process." Appellant's Brief, at 7 (citing *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2002)). In *Sierra*, a panel of this court held that "a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." *Id*. at 913. Accordingly, this claim raises a substantial question for our review. Hammonds further claims that not all factors demanded by the law were considered. As Hammonds indicated that the sentence imposed is inconsistent with § 9771, this also raises a substantial question for our review. *See Commonwealth v. Parlante*, 823 A.2d 927, 929-930 (Pa. Super. 2003).

> The standard of review with respect to sentencing is as follows.
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgement. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

Although Hammonds claims that the trial court erred in imposing a sentence that was inconsistent with the protection of the community and his

rehabilitative needs, we note that the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendants character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing courts discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). As the trial court in this case had the benefit of a pre-sentence report, we must presume that it considered all relevant sentencing factors and did not impose a sentence based solely on the gravity of the offenses.

Section 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). However,

> a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has

previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where … the trial judge had the benefit of a PSI during the initial sentencing proceedings.

*Id*.

Here, the court provided adequate justification, although succinct, for the sentence imposed. During sentencing, the court demonstrated its knowledge of the case by noting that Hammonds did not have a good support system in response to defense counsel suggesting he did. The court stated, "he did not do well while living with his father." N.T., Probation Violation and Sentencing Hearing, 5/5/14, at 4. The court summed up its reasoning stating, "Mr. Hammonds, in the past I've found you to be articulate, even charming, but dishonest. You fooled me into giving you a mitigated range sentence on this case the first time around because I believed you. I no longer do." *Id*., at 6-7.

It is clear that the trial court had sufficient information to make a fully informed sentence following the revocation of Hammonds' probation. Thus, Hammonds' sentence of 3½ to 8 years' incarceration was not manifestly excessive or unreasonable.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015